**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )| |
| v.    ) | Criminal Action No. |
| )| 22-10355-NMG-1 |
| PANKAJ MERCHIA,    ) | |
| )| |
| Defendant.    ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is a motion to change venue filed
pro se by defendant Pankaj Merchia ("the defendant" or
"Merchia"), see Docket No. 102, notwithstanding the fact that
the Court has previously instructed him not to do so.  Although
the Court will accept the subject motion, which was subsequently
adopted by Merchia's counsel, any future motions filed pro se
will be summarily rejected.  In any event, the government
promptly opposed defendant's motion and defendant's counsel,
Attorney Horstmann, submitted a reply on his behalf.

For the reasons that follow, the motion to change venue
will be denied.

## I.  <u>Motion to Transfer Venue</u>

### A.  Legal Standard

Typically, venue is proper for a tax prosecution "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).  Subsection (b) of Section 3237, however, entitles defendants facing tax prosecutions in certain circumstances to obtain a change of venue.  In pertinent part, it provides that:

> Notwithstanding subsection (a), where an offense is described in section 7203 of the Internal Revenue Code of 1986, or where venue for prosecution of an offense described in section 7201 or 7206(1), (2), or (5) of such Code (whether or not the offense is also described in another provision of law) is based solely on a mailing to the Internal Revenue Service, and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed[.]

18 U.S.C. § 3237(b).

Defendant submits that he was a resident of Maryland on many of the dates on which his alleged misconduct took place and asserts that Counts V, VI and VII of the superseding indictment ("the Indictment") should be transferred to the District of Maryland pursuant to § 3237(b).[1]  Count V charges Merchia with

---

[1] To the extent that defendant also moves for transfer of Counts I, II, III and IV, those charges for health care fraud and money laundering are not tax offenses and thus are not subject to transfer under 18 U.S.C. § 3237(b).  Furthermore, because

conspiracy to defraud the IRS in violation of 18 U.S.C. § 371. Counts VI and VII charge him with tax evasion in violation of 26 U.S.C. § 7201.

### B. Application

#### 1. Count V – Conspiracy to Defraud the IRS

The conspiracy offense charged in Count V of the Indictment is not subject to Section 3237(b) which applies by its plain text only to offenses described in 26 U.S.C. §§ 7201, 7203 and 7206(1),(2) and (5). See 18 U.S.C. § 3237(b); United States v. Damra, 2006 U.S. Dist. LEXIS 113767, at *4 (N.D. Ohio Nov. 3, 2006) (holding that defendant could not transfer, pursuant to Section 3237(b), a charge for conspiracy to defraud the government in part because "acts comprising the alleged conspiracy occurred in this District").

Venue for the charged conspiracy is proper in the District of Massachusetts because the Indictment alleges that overt acts in furtherance of the conspiracy, e.g. fabricating the sale of a business and/or submitting false records to the Internal Revenue Service ("IRS") in connection with that sale, occurred in this district. See 18 U.S.C. § 3237(a); United States v. Josleyn, 99 F.3d 1182, 1191 (1st Cir. 1996). The Court therefore concludes

---

defendant avers that his motion is "premised solely on the language of Section 3237", such motion does not raise any grounds for the transfer of Counts I through IV and his request to do so will be denied.

that Section 3237(b) does not apply to Count V of the Indictment
and jurisdiction over that count will not be transferred.

### 2.  Counts VI and VII – Tax Evasion

In Counts VI and VII, the Indictment charges defendant with
violations of 26 U.S.C. § 7201 as to tax years 2017 and 2019.
The transfer of such offenses is authorized pursuant to Section
3237(b) only if venue for their prosecution is "based solely on
a mailing to the Internal Revenue Service".  That prerequisite
is missing in this case.  Venue in the District of Massachusetts
is instead based upon allegations that Merchia: 1) concealed
personal income by routing it through third-party businesses and
2) made false statements to investigators with respect to his
conduct and business dealings.

Defendant contends that, although he was charged with
violations of 26 U.S.C. § 7201, his alleged failure to pay taxes
also constitutes an offense that is "described in section 7203".
18 U.S.C. § 3237(b).  He advocates that, as a result, Counts VI
and VII should be transferred on the grounds that Section
3237(b) authorizes the transfer of Section 7203 offenses without
limitation, i.e. without any requirement that venue for their
prosecution be based solely upon a mailing to the IRS.

In support of his argument that this Court should treat
Counts VI and VII as if they had been charged under Section

- 4 -

7203, defendant cites United States v. Kimble, a case in which a
judge of the Southern District of New York held that:

> If [the nature and effect of the acts alleged] would
> support a charge under one of the specified provisions
> of the Internal Revenue Code, it is immaterial that
> the charge is laid under another applicable provision
> of law.

186 F. Supp. 616, 618 (S.D.N.Y. 1960).

The pertinent portion of the Kimble decision involved an
offense that could have been, but was not, charged under Section
7206(1).  The "specified provisions" which the court referred to
were elaborated upon as "section 7201 . . . [or] section
7206(1), (2) and (5)" but the court did not address Section
7203.  Still, a more recent decision of the District Court for
the District of Columbia, United States v. Benjamin, also lends
some superficial support to defendant's argument. 623 F. Supp.
1204, 1207 (1985).  In Benjamin, the district court explained
that offenses chargeable under § 7203 could be subject to
transfer pursuant to Section 3237(b) even if they had been
charged under a different statutory provision in the indictment.
Id. at 1211, 1211 n.8 ("Under the terms of § 3237(b), transfer
is authorized for an offense 'described' in § 7203[.]").

The Court concludes, however, that neither of those cases
sheds light on the pending issue.  In both Kimble and Benjamin,
the defendants were charged pursuant to statutory provisions
that were not covered at all by Section 3237(b).  In that

- 5 -

context, the courts recognized that Section 3237(b) was relevant
to the extent that the charged offenses were also "described" in
§§ 7201, 7203 or 7206(1), (2) and (5).

Here, to the contrary, Merchia was charged under a
statutory provision, 26 U.S.C. § 7201, which is covered by
Section 3237(b).  In fact, Section 3237(b) authorizes the
transfer of such charges only:

> where venue for prosecution of an offense described in
> section 7201 . . . (whether or not the offense is also
> described in another provision of law) is based solely
> on a mailing to the Internal Revenue Service[.]

18 U.S.C. § 3237(b) (emphasis added).

Thus, the terms of the statute provide that "whether or
not" an offense described in Section 7201 is "also described in
another provision of law" (e.g., in this case, Section 7203),
transfer is authorized only if venue for prosecution "is based
solely on a mailing to the [IRS]". Id.  As already explained,
venue for Counts VI and VII is not based solely on such a
mailing and therefore, according to a plain reading of Section
3237(b), transfer of those charges is not authorized here.
Furthermore, that interpretation of the statute avoids the
absurd result that would follow from the construction defendant
has proposed.

According to Merchia's theory, any felony charge for tax
evasion brought pursuant to Section 7201, which requires an

"affirmative commission in addition to the § 7203 omission", Sansone v. United States, 380 U.S. 343, 351 (1965), could instead be treated for purposes of Section 3237(b) as an "offense described in section 7203" and therefore would be subject to transfer regardless of its basis for venue. See also United States v. Overton, 617 F. Supp. 5, 8 (W.D. Mich. 1985) ("Section 7203 is . . . a lesser included offense of section 7201."). That convoluted approach would nullify the statutory prerequisite Congress imposed upon the transfer of Section 7201 offenses, i.e. that venue be "based solely on a mailing to the [IRS]". 18 U.S.C. § 3237(b). The Court concludes that Counts VI and VII are not subject to transfer pursuant to Section 3237(b).

## ORDER

For the foregoing reasons, defendant's motion for change of venue (Docket No. 102) is **DENIED**.

**So ordered.**

            /s/ Nathaniel M. Gorton
            Nathaniel M. Gorton
            United States District Judge

Dated:  August 14, 2023