UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal No. 22-10355-NMG |
| PANKAJ MERCHIA, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON DEFENDANT'S MOTION FOR RULE 17(c) SUBPOENA
[Docket No. 178]

April 18, 2024

Boal, M.J.

      Defendant Pankaj Merchia seeks the issuance of subpoenas pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure to obtain records from health insurance companies as well as individuals identified as Patient 1 and Patient 2 in the Superseding Indictment.  Docket No. 178.  The government does not oppose the request with respect to the subpoenas to the health insurance companies.  This Court heard oral argument on April 11, 2024.  For the following reasons, this Court denies the motion without prejudice as to the subpoenas directed to the health insurance companies and otherwise denies the motion.

I.      BACKGROUND

      Defendant Pankaj Merchia is charged in a Superseding Indictment with health care fraud in violation of 18 U.S.C. § 1347; money laundering in violation of 18 U.S.C. §§ 1957 and 2; conspiracy to defraud the IRS in violation of 18 U.S.C. § 371; and tax evasion in violation of 26 U.S.C. § 7201.  Docket No. 60.

1

Dr. Merchia was a sleep medicine physician licensed in Massachusetts, Florida, and/or Virginia.  See id. at ¶ 1.  As relevant to this motion, the government alleges that Dr. Merchia devised and executed a scheme to defraud a health care benefit program by billing for services for Family Member 1 in violation of express exclusions provided by Health Insurer 1.  Id. at ¶ 7.  The purpose of the scheme was for Dr. Merchia to unlawfully enrich himself by submitting false and fraudulent claims to insurers for payment for medical services provided to an immediate family member notwithstanding the exclusion.  Id.  Dr. Merchia misrepresented and obscured his involvement in Family Member 1's care by submitting claims though various business entities instead of his own name, and then making false representations about his affiliations with these entities.  Id.

The government also alleges that Dr. Merchia fraudulently billed other health care benefit programs for CPAP related services for Patient 1 and Patient 2 which he did not actually provide.  Id. at ¶ 23.  Patient 1 was a patient of Dr. Merchia in or about 2009 and in or about 2010.  Id.  According to the government, despite the fact that Dr. Merchia had not treated Patient 1 since 2010, he nevertheless billed Patient 1's new insurance carrier for sleep-related services and devices in 2016-2018.  Id.

Patient 2 was a patient of Dr. Merchia in approximately 2009 and received a BiPAP machine in 2009.  Id.  Despite returning the BiPAP machine at some point before 2016, Dr. Merchia nevertheless billed Health Insurer 3 for BiPAP-related claims in or about 2016 and 2017.  Id.

By this motion, Dr. Merchia seeks to serve subpoenas for records on Patient 1, Patient 2, Health Insurer 1, Health Insurer 2, and Health Insurer 3.

II.     STANDARD OF REVIEW

Rule 17(c) of the Federal Rules of Criminal Procedure "allows a defendant to file requests for subpoenas duces tecum directed to a witness that are returnable prior to trial." United States v. Ventola, No. 15-10356-DPW, 2017 WL 2468777, at *2 (D. Mass. June 7, 2017); see also United States v. Kravetz, 706 F.3d 47, 53 n.2 (1st Cir. 2013).  In evaluating a Rule 17(c) motion, a court "has 'wide discretion' to grant or refuse a requested subpoena." United States v. Mariano, No. CR 12-061-01-ML, 2013 WL 866907, at *2 (D.R.I. Mar. 7, 2013) (quoting United States v. Nivica, 887 F.2d 1110, 1117–18 (1st Cir. 1989)).

To demonstrate entitlement to the issuance of a subpoena, a defendant must show that: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a general "fishing expedition."  United States v. LaRouche Campaign, 841 F.2d 1176, 1179 (1st Cir. 1988) (quoting United States v. Nixon, 418 U.S. 683, 699-700 (1974)). With respect to the fourth factor, overbroad subpoenas can establish that a defendant intends to use them to conduct a fishing expedition.  See Ventola, 2017 WL 2468777, at *2.

In more succinct terms, the moving party must demonstrate "(1) relevancy; (2) admissibility; and (3) specificity."[1]  LaRouche, 841 F.2d at 1179 (quoting Nixon, 418 U.S. at 700).  When a request fails "the specificity hurdle," it will "invariably include matters that are not admissible, and amount to a general discovery device."  Ventola, 2017 WL 2468777, at *2

---

[1] Courts in this circuit have refused to adopt a lower evidentiary standard for Rule 17(c) subpoenas issued to third parties (rather than to the government).  See Ventola, 2017 WL 2468777, at *2 n.2.  This Court declines to do so as well.

(internal quotations and citations omitted). In evaluating an application for a subpoena duces tecum, courts emphasize that the subpoena is "not intended to provide a means of discovery for criminal cases." Ventola, 2017 WL 2468777, at *2 (quoting Nixon, 418 U.S. at 698); see also United States v. Cartagena-Albaladejo, 299 F.Supp.3d 378, 382 (D.P.R. 2018) ("Courts invariably define Rule 17 in the negative: subpoenas are not discovery devices or investigatory tools.").

In addition, where a subpoena requires the production of personal and confidential information about a victim, "[b]efore entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object." Fed. R. Crim. P. 17(c)(3).

III.   DISCUSSION

The scope of the proposed subpoenas is staggeringly broad. They are more akin to an expansive, civil discovery request than a proper Rule 17(c) subpoena. For example, the subpoenas to the health insurance companies seek, inter alia, "all documents relating/concerning [Patient 1 and Patient 2] since January 1, 2008." Docket No. 201-1 at 1; Docket No. 201-2 at 1. Such documents would encompass claims for services provided to Patient 1 and Patient 2 by medical providers other than Dr. Merchia for the last 16 years and having nothing apparently to do with the sleep disorder treatments provided by Dr. Merchia or the charges in this case. The subpoenas also request all claims for certain HCPCS Codes received by the health insurance companies from January 1, 2012 through December 31, 2022. Docket No. 201-2 at 2; Docket No. 201-5 at 1. Not only is the temporal scope of this request overly broad but it would encompass claims from all patients insured by the subpoena recipients.

Similarly, the subpoenas to Patient 1 and Patient 2 seek, among other things, "[a]ll

4

Documents, records, bills and correspondence relating to or concerning any medical treatment for a sleep disorder from January 1, 2007 to December 31, 2023." Docket No. 201-3 at 1; Docket No. 201-4 at 1.  This request is not limited to documents regarding Dr. Merchia's treatment of Patient 1 and 2 and seek documents outside of the relevant time period.  Another striking example is Request No. 7, which requests documents regarding <u>any</u> healthcare appointment Patient 1 and Patient 2 have had between January 1, 2007 and December 31, 2023. Docket No. 201-3 at 2; Docket No. 201-4 at 2.  Not only does this request fail the relevance and specificity requirements but it is also an incredible intrusion into Patient 1's and Patient's privacy.

Nevertheless, at oral argument, counsel identified potential categories of documents relevant to Dr. Merchia's defense.  There may be proper requests to the health insurance companies for relevant information that may satisfy the requirements of a Rule 17(c) subpoena. Accordingly, this Court denies the motion without prejudice as to the health insurance companies.  The defendant may file a renewed motion for a Rule 17(c) subpoena to the health insurance companies within three weeks.  The proposed subpoena should be carefully drafted to seek specific relevant documents.  In addition, notice must be given pursuant to Rule 17(c)(3) of the Federal Rules of Criminal Procedure.

IV. <u>ORDER</u>

For the foregoing reasons, this Court denies the motion to the extent that the defendant seeks to serve a subpoena on Patient 1 and Patient 2. The motion is denied without prejudice as

to the subpoenas directed to the health insurance companies.[2]

                                           /s/ Jennifer C. Boal
                                           JENNIFER C. BOAL
                                           United States Magistrate Judge

---

[2] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).