UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 22-10355-NMG |
| | ) | |
| PANKAJ MERCHIA, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON DEFENDANT'S MOTION FOR A BILL OF PARTICULARS
[Docket No. 183]

April 18, 2024

Boal, M.J.

Defendant Pankaj Merchia[1] has filed a motion for a bill of particulars.  Docket No. 183. This Court heard oral argument on April 11, 2024.  For the following reasons, I deny the motion.

I.      FACTUAL BACKGROUND

Defendant Pankaj Merchia is charged in a Superseding Indictment with health care fraud in violation of 18 U.S.C. § 1347; money laundering in violation of 18 U.S.C. §§ 1957 and 2; conspiracy to defraud the IRS in violation of 18 U.S.C. § 371; and tax evasion in violation of 26 U.S.C. § 7201.  Docket No. 60.

Dr. Merchia was a sleep medicine physician licensed in Massachusetts, Florida, and/or Virginia.  See id. at ¶ 1.  The government alleges, among other things, that Dr. Merchia devised and executed a scheme to defraud a health care benefit program by billing for services for Family

---

[1] The motion indicates that it was filed on behalf of both defendants.  Docket No. 183 at 1.  At an April 12, 2024 hearing, however, counsel for Dr. Pendse clarified that she had not joined in this motion.  In any event, the motion seeks a bill of particulars for Counts One and Two and Dr. Pendse is not charged in those counts.

1

Member 1 in violation of express exclusions provided by Health Insurer 1. Id. at ¶ 7. The purpose of the scheme was for Dr. Merchia to unlawfully enrich himself by submitting false and fraudulent claims to insurers for payment for medical services provided to an immediate family member notwithstanding the exclusion. Id. Dr. Merchia misrepresented and obscured his involvement in Family Member 1's care by submitting claims though various business entities instead of his own name, and then making false representations about his affiliations with these entities. Id.

The government also alleges that Dr. Merchia fraudulently billed other health care benefit programs for CPAP related services for Patient 1 and Patient 2 which he did not actually provide. Id. at ¶ 23.

II.   STANDARD OF REVIEW

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides, in relevant part, that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged . . ." Fed. R. Crim. P. 7(c)(1). An indictment is sufficiently particular if it "elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions of the same offense." United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)). "[I]ndictments need not be infinitely specific." Id.

Rule 7(f) provides that "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). A motion for a bill of particulars "need[s] to be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double

Jeopardy Clause." Sepulveda, 15 F.3d at 1192-93; see also United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989) ("The purpose of the bill of particulars is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy.") (citations omitted). A bill of particulars is not designed to be a discovery device or to permit defendants to preview the evidence or the government's theory of the case. See, e.g., United States v. Automated Medical Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985) (bill of particulars is not to be used for disclosure of the evidence the government intends to introduce at trial); United States v. Saunders, No. 3:07cr341-3, 2008 WL 1886089, at *1 (M.D. Pa. Apr. 28, 2008) ("a bill of particulars . . . is not intended to provide the defendant with the fruits of the government's investigation . . ."). Whether to grant a bill of particulars is within the sound discretion of the court. Id.

III.   ANALYSIS

Dr. Merchia asks that this Court order the government to provide "the essential facts constituting" a multitude of allegations in Counts One and Two of the Superseding Indictment. See Docket No. 183 at 2-6. With respect to Count One, the Superseding Indictment alleges that Dr. Merchia sought reimbursement for a medical device he rented to Family Member 1, despite being advised that such services were not reimbursable by the applicable health insurer. See Docket No. 60 at ¶¶ 7-22. The government represents that it has produced a detailed referral binder from the Insurance Fraud Bureau containing all of the material facts pertaining to this charge as well as relevant grand jury testimony. Docket No. 197 at 2.

With respect to Count Two, the Superseding Indictment alleges that Dr. Merchia sought and obtained reimbursement for services that were not delivered to patients identified as Patient 1 and Patient 2. Docket No. 60 at ¶ 23. The government represents that it has produced claims

data showing the payments that Dr. Merchia received from Patient 1's and Patient 2's health insurers as well as the grand jury testimony of the two patients themselves. Docket No. 197 at 2-3.

Dr. Merchia's motion seeks specific evidentiary details regarding the alleged crimes to which he is not entitled on a bill of particulars. "A bill of particulars is not to be used as a discovery device, with a defendant interrogating the government as to the precise details of every alleged act – all the who, what, and where of every allegation." United States v. Salyer, No. CR-S-10-0061, 2011 WL 6026119, at *1 (E.D. Cal. Dec. 2, 2011); see also United States v. Nekritin, No. 10-cr-491, 2011 WL 1674799, at *7 (E.D.N.Y. May 3, 2011) ("The purpose of a bill of particulars is not to disclose the 'whens,' 'wheres,' and 'with whoms' of the allegations."); United States v. DiMasi, No. 09-10166, 2011 WL 468213, at *4 (D. Mass. Feb. 4, 2011) (declining to order bill of particulars detailing the date and location of conspiratorial agreement). The Superseding Indictment's allegations as well as the discovery provided by the government put the defendant on ample notice as to the charges against which he must defend.[2]

Accordingly, I deny Dr. Merchia's motion.

IV.  ORDER

For the foregoing reasons, this Court denies Dr. Merchia's motion for a bill of

---

[2] At the April 11, 2024 hearing, despite being warned of his Fifth Amendment right to remain silent, Dr. Merchia personally made statements to the Court regarding this motion. Those statements show that he in fact understands the charges against him. Rather, he argues that the government has not produced sufficient evidence to prove those charges. Whether or not the government will be able to prove its case beyond a reasonable doubt at trial is different from whether the indictment provides sufficient notice of the charges against a defendant. Here, the indictment provides sufficient notice of the charges against the defendants.

4

particulars.[3]

                                                    /s/ Jennifer C. Boal
                                                    JENNIFER C. BOAL
                                                    United States Magistrate Judge

---

[3] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after service of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir 1993).