UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PANKAJ MERCHIA,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)  Criminal No. 22-10355-NMG<br>)<br>)<br>)<br>)<br>) |

ORDER ON DR. MERCHIA'S MOTIONS TO COMPEL
[Docket Nos. 180, 181, 182]

April 18, 2024

Boal, M.J.

    Defendant Pankaj Merchia has filed motions seeking to compel the government to produce certain materials.  Docket Nos. 180, 181, 182.  This Court heard oral argument on April 11, 2024.  For the following reasons, I deny the motions.

I.    FACTUAL BACKGROUND

    Defendant Pankaj Merchia is charged in a Superseding Indictment with health care fraud in violation of 18 U.S.C. § 1347; money laundering in violation of 18 U.S.C. §§ 1957 and 2; conspiracy to defraud the IRS in violation of 18 U.S.C. § 371; and tax evasion in violation of 26 U.S.C. § 7201.  Docket No. 60.

    Dr. Merchia was a sleep medicine physician licensed in Massachusetts, Florida, and/or Virginia.  See id. at ¶ 1.  The government alleges, among other things, that Dr. Merchia devised and executed a scheme to defraud a health care benefit program by billing for services for Family Member 1 in violation of express exclusions provided by Health Insurer 1.  Id. at ¶ 7.  The purpose of the scheme was for Dr. Merchia to unlawfully enrich himself by submitting false and

1

fraudulent claims to insurers for payment for medical services provided to an immediate family member notwithstanding the exclusion. Id. Dr. Merchia misrepresented and obscured his involvement in Family Member 1's care by submitting claims though various business entities instead of his own name, and then making false representations about his affiliations with these entities. Id.

The government also alleges that Dr. Merchia fraudulently billed other health care benefit programs for CPAP related services for Patient 1 and Patient 2 which he did not actually provide. Id. at ¶ 23. In addition, the government alleges that from approximately 2008 to at least 2020, Dr. Merchia and Dr. Shona Pendse, engaged in a conspiracy to defraud the Internal Revenue Service ("IRS") by, among other things, fabricating the sale of a business, taking inflated tax deductions, concealing taxable income, and making other false assertions to the IRS. See id. at ¶¶ 18-43.

II.   ANALYSIS

   A.   Standard Of Review

Under Brady v. Maryland, 373 U.S. 83 (1963), "the government has a duty to disclose evidence in its possession that is favorable to the accused and material to guilt or punishment." United States v. Prochilo, 629 F.3d 264, 268 (1st Cir. 2011) (citing Brady, 373 U.S. at 87). "Evidence is 'favorable to the accused' if it is either exculpatory or impeaching in nature and 'material' if there is a reasonable probability that, had it been disclosed, the result of the proceeding would have been different." Id. (citations omitted).[1]  Brady, however, does not

---

[1] Local Rule 116.2 defines exculpatory evidence as follows:

> Exculpatory information is information that is material and favorable to the accused and includes, but is not necessarily limited to, information that tends to:

establish a general constitutional right to discovery in a criminal case. United States v. Rodriguez-Rivera, 473 F.3d 21, 25-26 (1st Cir. 2007) (citations omitted).

"The government is primarily responsible for deciding what evidence it must disclose to the defendant under Brady" and such decision is generally final unless it is later shown that exculpatory evidence was not disclosed. Id. (citing Pennsylvania v. Ritchie, 480 U.S. 39, 59-60 (1987)). If a defendant seeks access to specific materials that the government contends are not discoverable under Brady, the defendant must make some showing that the material in question could contain favorable, material evidence. Id. at 268-69. That showing cannot be based on speculation. Id.[2]

The government's disclosure obligation extends to evidence used to impeach the credibility of a government's witness. Giglio v. United States, 405 U.S. 150, 154-55 (1972). Indeed, the primary interest secured by the Sixth Amendment's confrontation clause "is the right

---

> (1) cast doubt on defendant's guilt as to any essential element in any count in the indictment or information;
>
> (2) cast doubt on the admissibility of evidence that the government anticipates using in its case-in-chief, that might be subject to a motion to suppress or exclude, which would, if allowed, be appealable pursuant to 18 U.S.C. § 3731;
>
> (3) cast doubt on the credibility or accuracy of any evidence that the government anticipates using in its case-in-chief; or
>
> (4) diminish the degree of the defendant's culpability or the defendant's Offense Level under the United States Sentencing Guidelines.

LR 116.2(a).

[2] In support of his motions, Dr. Merchia cites to the Due Process Protections Act of 2020. See, e.g., Docket No. 179 at 3. That Act amended Rule 5 of the Federal Rules of Criminal Procedure to require the judge in all criminal proceedings to issue an oral and written order to prosecutors to remind them of their obligations under Brady. "It is a law that does not require prosecutors to do more than they already were required to do under Brady." United States v. Posa, No. 8:11-cr-555-SCB-AEP, 2022 WL 3161948, at *3 (M.D. Fla. June 24, 2022).

3

of cross-examination." Davis v. Alaska, 415 U.S. 308, 315 (1974); United States v. Lindstrom, 698 F.2d 1154, 1159-1166 (11th Cir. 1983).

In addition to the constitutionally required disclosure by the government of exculpatory material, Rule 16 of the Federal Rules of Civil Procedure requires the prosecution in a criminal case to provide certain information in its possession to the defense:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies of portions of any of these items, if the item is within the government's possession, custody or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

The materiality standard for Rule 16 "essentially tracks the Brady materiality rule, though some courts have found that materiality under Rule 16 is broader than under Brady." United States v. Bulger, 928 F.Supp.2d 305, 324 (D. Mass. 2013) (internal quotations and citations omitted). "[O]ther courts have focused on the usefulness of the evidence to defending the case including the potential for 'uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" Id. (citations omitted). Nevertheless, "the requested information must have more than an abstract relationship to the issue presented; there must be some indication that the requested discovery will have a significant effect on the defense." Id. (citation omitted). The defendant bears the burden to make a "prima facie showing of materiality." Id. (citing United States v. Carrasquillo-Plaza, 873 F.2d 10, 12 (1st Cir. 1989)).

B.      Grand Jury Records From Eastern District of Virginia (Docket No. 180)

Dr. Merchia seeks all grand jury minutes, transcripts, and documents related to the 2014 grand jury investigation of him and his business in the Eastern District of Virginia ("EDVA"). Docket No. 180 at 1. "The Supreme Court has repeatedly recognized the importance of secrecy in grand jury proceedings even after . . . the grand jury has concluded its function." United States v. McMahon, 938 F.2d 1501, 1504 (1st Cir. 1991) (citing Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979)). The rule of secrecy is not absolute, however. Pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, a court may authorize disclosure of grand jury matters "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(2)(E)(i). The "requesting defendant bears the burden of showing a 'particularized need' for the requested material, that is that 1) the material sought is needed to avoid a possible injustice in another judicial proceeding, 2) the need for disclosure outweighs the need for continued secrecy and 3) the request is structured to cover only what is needed." Chan v. United States, No. 1:16-cr-10268-IT, 2022 WL 888704, at *3 (D. Mass. Mar. 25, 2022) (citations omitted).

Dr. Merchia has not met his burden to show a particularized need for the EDVA grand jury materials. He states only that the need for secrecy is "outweighed for a 7 year old grand jury that did not return an indictment for witnesses who are family members, patients and employees of the defendant or entities affiliated with the defendant, and that *may* testify in another proceeding about the same substance as their grand jury testimony." Docket No. 180 at 6 (emphasis added). Such speculation falls short of the required showing. Accordingly, Dr. Merchia's request for the EDVA grand jury materials is denied.

       C.       Documents Regarding Patients 1 And 2 (Docket Nos. 181, 182)

Dr. Merchia seeks information concerning payments United Healthcare made concerning services delivered to an individual identified in the indictment as Patient 1. Docket No. 181. In addition, he requests that the government be compelled to produce documents related to Patient 1 and 2. Docket No. 182. The government has represented that it has produced responsive documents in its possession, custody, or control. Docket No. 199 at 1. Dr. Merchia has not shown that any additional materials are within the possession, custody, or control of the government. Accordingly, this Court denies these requests.

III.    ORDER

For the foregoing reasons, this Court denies Dr. Merchia's motions to compel.[3]

                                                            /s/ Jennifer C. Boal
                                                           JENNIFER C. BOAL
                                                          United States Magistrate Judge

---

[3] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after service of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir 1993).