United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 22-10355-NMG |
| Pankaj Merchia et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves allegations of healthcare fraud, money laundering and tax evasion against defendant, Panjak Merchia ("defendant" or "Merchia"). Defendant has been represented by four attorneys in this case (all of whom have been appointed at the government's expense) and now pending is the renewed motion to withdraw of his fourth attorney, Jason Benzaken ("Attorney Benzaken"). For the reasons that follow, the motion will again be denied.

**I. Background**

Defendant, a former physician specializing in sleep medicine, was indicted in December, 2022, on one count of healthcare fraud, 28 U.S.C. § 1347, and three counts of money laundering, 18 U.S.C. § 1957. In 2023, a superseding indictment included the original counts, one count of conspiracy to defraud

- 1 -

the IRS, 18 U.S.C. § 371, and four counts of tax evasion, 26 U.S.C. § 7201.

Since the start of this case, defendant has maintained an acrimonious relationship with his appointed counsel. Initially, the Magistrate Judge assigned to this case appointed Attorney Scott Lauer ("Attorney Lauer") to represent defendant. Several months later, however, and against advice of counsel, defendant filed a pro se motion demanding a speedy trial. Based upon a fundamental disagreement over the timing of defendant's trial, Attorney Lauer successfully moved to withdraw. The Magistrate Judge then appointed Attorney Daniel Gaudet in late December, 2022 but, less than two weeks later, he moved to withdraw, citing a similar fundamental disagreement with respect to how quickly defendant's case should proceed to trial.

The following month, the Magistrate Judge appointed Attorney Peter Horstmann who represented defendant for nearly 14 months. In April, 2024, however, he moved to withdraw, alleging a breakdown in communication with defendant and citing defendant's belief that his representation was inadequate. The Magistrate Judge allowed the motion but warned defendant that future conduct could result in a waiver of his right to counsel, consistent with United States v. Matias, 885 F. Supp. 2d 458 (D. Mass. 2012). Throughout that time, defendant filed numerous pleadings pro se even though he was constantly remonstrated by

the Magistrate Judge that, as long as he was represented by counsel, all pleadings were to be filed by his counsel.

In June, 2024, this Court re-appointed Attorney Lauer to represent defendant but, several months later, he again moved to withdraw. For reasons never fully articulated to the Court, Attorney Lauer claimed that his withdrawal was mandatory in accordance with the Massachusetts Rules of Professional Conduct. At that juncture, the Court accepted Attorney Lauer's proffer and permitted him to withdraw. The Court again forewarned defendant that similar conduct in the future could result in the forfeiture of his right to appointed counsel. Merchia acknowledged on the record that he understood that.

The Court then appointed a fourth (and current) attorney to represent Merchia. Thereafter, defendant persisted in acting pro se by repeatedly contacting the Deputy Clerk assigned to this session despite instructions not to do so.

Defendant has been represented by Attorney Benzaken since November, 2024, but, in March, 2025, Attorney Benzaken moved to withdraw for reasons that he said required him to do so. At an ex parte hearing, after hearing more details, the Court denied the motion to withdraw without prejudice.

Several weeks later, Attorney Benzaken renewed his motion to withdraw, explaining that his representation of defendant suffers from a conflict of interest based upon defendant's

instructions for Attorney Benzaken to engage in allegedly unethical behavior. Attorney Benzaken further explained that his relationship with defendant has grown contentious and that defendant has repeatedly attempted to undermine his representation by controlling what pleadings were or were not filed in this case. At the most recent hearing, and based upon its finding that defendant has waived his right to new counsel, the Court offered defendant a choice of either continuing to be represented by Attorney Benzaken or proceeding pro se. Defendant declined to accept either alternative and the Court took the pending motion under advisement.

## II. Legal Standard

A motion to withdraw counsel in a criminal case implicates a defendant's right to counsel under the Sixth Amendment. That amendment provides that in all criminal prosecutions the accused has a right to the assistance of counsel for his defense. Although the right to counsel is "fundamental," Gideon v. Wainwright, 372 U.S. 335, 343 (1963), it is not inalienable and does not entitle a defendant to be represented by the attorney of his choosing. Wheat v. United States, 486 U.S. 153, 159 (1988); United States v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). As such, appointed defense counsel may not withdraw simply because a defendant asks him to and a motion to withdraw will

not be allowed except for "good cause." United States v. Myers, 294 F.3d 203, 206 (1st Cir. 2002).

Whether there is good cause for withdrawal depends upon 1) the timeliness of the motion and its impact on judicial economy, 2) whether there is "a total lack of communication between" the defendant and his counsel that defendant will be denied his right to put on an "adequate defense" and 3) whether the request is otherwise "founded upon a legitimate reason." Id.; United States v. Reyes, 352 F.3d 511, 515 (1st Cir. 2003). The standard is an objective one. A defendant's mere "loss of trust" in, or disagreements with, his counsel provides an insufficient basis to withdraw, see Myers, 294 F.3d at 206 (alteration omitted) (citing Morris v. Slappy, 461 U.S. 1, 14 (1983)), and such a motion can be denied without violating a defendant's right to be represented by counsel, see United States v. Ahrendt, 560 F.3d 69, 72 (1st Cir. 2009); United States v. Poellnitz, 301 Fed. Appx. 1, 2-3 (1st Cir. 2008).

Although the Court must make a sufficiently detailed inquiry into the stated reasons for withdrawal, see Reyes, 352 F.3d at 515, a district court's decision to deny a motion to withdraw is afforded considerable deference, see United States v. Woodard, 291 F.3d 95, 107 (1st Cir. 2002); Myers, 294 F.3d at 206; United States v. Theodore, 354 F.3d 1, 5 (1st Cir. 2003).

## III. Analysis

### A. Waiver of Right to Counsel

At the most recent hearing regarding Attorney Benzaken's motion to withdraw, defendant assented and expressed his desire to be appointed new counsel. The Court found, however, that defendant's repeated misconduct with respect to his appointed counsel constituted a waiver of his right to be appointed new counsel and that if Attorney Benzaken is required to withdraw, Merchia will represent himself.

A defendant's right to counsel can be waived in two ways. First, a defendant may expressly waive his right to counsel by requesting to proceed pro se. Faretta v. California, 422 U.S. 806, 834 (1975). Second, a defendant may, after a warning, impliedly waive his right to counsel through misconduct with respect to his appointed attorney. United States v. Goldberg, 67 F.3d 1092, 1100 (3d Cir. 1995); United States v. Thomas, 357 F.3d 357, 362 (3d Cir. 2004) ("If the district court has warned the defendant that he will lose his attorney if he engages in dilatory misconduct, any misconduct thereafter may be treated as an implied request to proceed pro se and, thus, as a waiver of the right to counsel." (quotations omitted)); accord United States v. Kneeland, 148 F.3d 6, 11-12 (1st Cir. 1998) (affirming waiver of right to counsel where defendant dismissed his attorney "in the face of ample warnings by the district court

that he would not be provided a fourth appointed counsel"). Cf. North Carolina v. Butler, 441 U.S. 369, 375-76 (1979) ("[An e]xplicit statement of waiver is not . . . necessary to support a finding that defendant waived the right . . . to counsel.").[1]

Although the First Circuit Court of Appeals has not squarely addressed the issue of implied waiver, other circuits consider waiver to be a "practical determination" that depends upon the circumstances of each case. United States v. Irorere, 228 F.3d 816, 827 (7th Cir. 2000) (citing McQueen v. Blackburn, 755 F.2d 1174, 1177 (5th Cir. 1985)). Other courts have found the right to counsel waived when, inter alia, a defendant makes persistent demands that new counsel be appointed without good reason, United States v. Green, 388 F.3d 918, 921 (6th Cir. 2004), files meritless pro se motions, Vreeland v. Zupan, 906 F.3d 866, 873 (10th Cir. 2018), makes unreasonable demands of his attorney, Thomas, 357 F.3d at 363, is unwilling to follow his attorney's advice, United States v. McFadden, 630 F.2d 963, 971 (3d Cir. 1980), attempts to dictate the legal steps his attorney should take, id., or tries to coerce his attorney into

---

[1] The right to counsel can also be "forfeited" through particularly egregious conduct by a defendant, such as threatening to harm his attorney, see, e.g., United States v. McLeod, 53 F.3d 322, 325 (11th Cir. 1995), but because no such threats have been made, forfeiture is not germane to this case.

making frivolous or unethical filings, Thomas, 357 F.3d at 363; see United States v. Moore, 706 F.2d 538, 540 (5th Cir. 1983).[2]

Consistent with those decisions, other sessions of this Court, and other courts within the First Circuit, have similarly found a defendant's right to counsel impliedly waived based upon his own misconduct. See Matias, 885 F. Supp. 2d at 465-66 (finding waiver where attorney made unreasonable demands of and failed to work cooperatively with counsel); Casiano v. United States, No. CIV 07-1029(CCC), 2009 WL 2254497, at *9 (D.P.R. July 28, 2009) (similar) (citing Thomas, 357 F.3d at 362).

At this juncture, the Court is satisfied that defendant's conduct has created an implied waiver of his right to counsel. First, defendant has repeatedly attacked the competence and credibility of the CJA counsel appointed on his behalf without cause and has attempted to subvert his appointed counsel by filing repeated pro se pleadings. See Green, 388 F.3d at 921; Vreeland, 906 F.3d at 873. The Magistrate Judge warned defendant that the filing of pro se pleadings would not be tolerated for so long as defendant was represented by counsel but Merchia has persisted in doing so nevertheless.

Moreover, defendant has made consistent and unreasonable demands of his appointed counsel throughout this case. See

---

[2] Some courts instead refer to implied waiver as "waiver by conduct" or "forfeiture with knowledge." See, e.g., Goldberg, 67 F.3d at 1100-01.

Thomas, 357 F.3d at 363. He has, most recently, attempted to control what Attorney Benzaken does and does not file on his behalf. Notwithstanding the advice of counsel, he has also sought to coerce Attorney Benzaken into filing purportedly baseless and unethical pleadings in relation to pending civil cases. See McFadden, 630 F.2d at 971. Defendant states that he wants to be represented by counsel but at the same time has made it extremely difficult for any of the appointed counsel to carry out his professional responsibilities. United States v. Sutcliffe, 505 F.3d 944, 955 (9th Cir. 2007). Merchia's right to the appointment of a fifth new counsel is therefore deemed waived.[3]

### B. Withdrawal of Counsel

Having concluded that a defendant has no right to the appointment of new counsel, the Court must decide whether he is therefore required to proceed pro se. To date, defendant has expressed his dissatisfaction with Attorney Benzaken but has not asserted his right to represent himself and, to the contrary, has vocally opposed proceeding pro se.

A conclusion that a defendant has impliedly waived his right to new counsel does not compel a finding that the

---

[3] Defendant was warned on several occasions, including by the Magistrate Judge, that future misconduct could result in waiving his right to counsel but, because the Court will not permit withdrawal in this case, it need not consider the adequacy of that warning. Matias, 885 F. Supp. 2d at 467 n.7.

defendant has asserted his right to proceed pro se. See Matias, 885 F. Supp. 2d at 467 (rejecting decision by Magistrate Judge that presumed waiver of right to new counsel required defendant to act pro se). Rather, it is "entirely proper" for a court to offer the defendant a choice, as this Court did, between proceeding to trial with his present attorney or representing himself. Kneeland, 148 F.3d at 11-12; United States v. Gottesfeld, 18 F.4th 1, 14 (1st Cir. 2021). When faced with the "unwelcome alternatives" of requiring a defendant to proceed pro se or compelling the same attorney to remain as counsel, the Court must carefully consider the relationship between a defendant and his counsel and the grounds for withdrawal alleged. See Matias, 885 F. Supp. 2d at 467.

Here, Attorney Benzaken asserts three reasons why withdrawal is required: 1) defendant has repeatedly accused him of being ineffective, 2) defendant is attempting to coerce him into engaging in behavior he believes to be unethical and 3) as a result, defendant and he have suffered an irretrievable breakdown in communication.

Unfortunately for Attorney Benzaken, being demeaned or even vilified by a defendant for whom he is appointed counsel is not grounds for withdrawal. Indeed, the First Circuit has held that a defendant's vocal attacks on his attorney and accusations

about an attorney's competence are insufficient grounds to withdraw. See Gottesfeld, 18 F.4th at 13.

As to the demands defendant has made of counsel that involve purportedly unethical conduct, the Court finds that such allegations, although serious, do not pose a true conflict and can be ameliorated. As defendant correctly asserts, a conflict of interest can provide grounds for withdrawal. See Mass. R. Pro. Conduct 1.16(a), 1.7. A conflict does not arise, however, simply because a defendant asks his lawyer to do something unethical. See Commonwealth v. Mitchell, 781 N.E.2d 1237, 1249-50 (Mass. 2003) (attorney's compliance with ethical obligations did not create actual conflict of interest), cert. denied, 539 U.S. 907 (2003); Commonwealth v. Holliday, 807, 882 N.E.2d 309, 321 (Mass. 2008) (same). An attorney must, of course, decline to engage in any such requested misconduct and thereby avoids any conflict of interest in that regard. See Mass. R. Pro. Conduct 1.2(a) (requiring lawyers to seek only clients' ethical and "lawful objectives").

In making purportedly unethical requests of his counsel here, defendant misapprehends the role of appointed counsel. By exercising his right to counsel, a defendant necessarily cedes certain powers to his attorney to make "binding decisions of trial strategy in many areas." Kellog-Roe v. Gerry, 19 F.4th 21, 27 (1st Cir. 2021). It is the authority of defense counsel, not

the defendant, to make decisions with respect to what arguments to raise and the day-to-day conduct of the defense, which do not "require[] client approval." Gonzalez v. United States, 553 U.S. 242, 249 (2008). Left to a defendant's control are certain "fundamental decisions," namely, whether 1) to plead guilty, 2) to waive his right to a trial by jury, 3) to testify on his own behalf and 4) to pursue an appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). That division of labor between attorney and client is "a practical necessity" to ensure a functioning adversarial process. Taylor v. Illinois, 484 U.S. 400, 418 (1988).

Consistent with the foregoing, Attorney Benzaken is not only within his right but also is required to file only those pleadings he believes to be warranted and ethical and, although he should consult with defendant during the course of his representation, any demands by defendant to control pleadings, except as to those limited fundamental decisions, may be ignored. See Gonzalez, 553 U.S. at 249; Jones, 463 U.S. at 751. If defendant and his counsel abide by that appropriate division of labor, there will be no conflict of interest requiring withdrawal. See Mitchell, 781 N.E.2d at 1249-50; Holliday, 807, 882 N.E.2d at 321.

In the absence of legitimate grounds for withdrawal, and because defendant has effectively chosen not to proceed pro se,

the Court will require Attorney Benzaken to remain as Merchia's appointed counsel. See Matias, 885 F. Supp. 2d at 467. Although the relationship between defendant and Attorney Benzaken is undoubtedly strained, the Court is confident that Attorney Benzaken has the professional capacity and competence to work through this difficult situation. See id. The Court is equally convinced that the appointment of a fifth counsel would not mitigate the potential for yet another withdrawal and that similar problems would be encountered ad infinitum. See United States v. Allen, No. 06-40056-01-SAC, 2008 WL 2622872, at *5 (D. Kan. July 1, 2008).

The Court is also very concerned about the timing of this case and the undue delay that would result if Attorney Benzaken were allowed to withdraw. Defendant has demanded a speedy trial since the inception of this case yet, through his recurring demands upon counsel, attempts to dictate the details of his own defense and the repeated withdrawals and appointment of new counsel, defendant has caused multiple continuances of the trial date and unconscionable delay. He cannot have it both ways. The Court recognizes that demands for new counsel can be used "as a way to delay proceedings or trifle with the court." United States v. Krzyske, 836 F.2d 1013, 1017 (6th Cir. 1988); United States v. Fowler, 605 F.2d 181, 183 (5th Cir. 1979). As this case nears its third anniversary since indictment, defendant's

demands for new counsel will not be permitted to delay trial in this case any further. See United States v. Miller, No. 08CR629, 2013 WL 3353917, at *9 (N.D. Ill. July 3, 2013).

The Court is aware that denial of the pending motion places Attorney Benzaken in an especially difficult position and acknowledges his diligent and proper efforts to comply with the Rules of Professional Conduct but instructs him to proceed to represent his client to the best of his ability.  Merchia, in turn, is forewarned that any future attempts to disrupt Attorney Benzaken's proper exercise of his role as defense counsel may result in his being held in contempt of court.  This decision is made to protect defendant's right to a defense in this case and to ensure a fair and speedy trial as soon as practicable. See Matias, 885 F. Supp. 2d at 467; see also Woodard, 291 F.3d at 106 (recognizing importance of "public's interest in the prompt [and] fair" proceedings when considering motions to withdraw). The motion to withdraw will therefore be denied.

## ORDER

For the foregoing reasons, the renewed motion to withdraw of defendant, Pankaj Merchia, (Docket No. 338) is DENIED.

The status conference presently scheduled for Tuesday, April 29, 2025, at 11:15 AM, is hereby cancelled and the motions of defendant to continue that status conference (Docket No. 345) and to file a pro se pleading in relation to that status conference (Docket No. 346) are DENIED as moot.

**So ordered.**

							_/s/ Nathaniel M. Gorton_
							Nathaniel M. Gorton
							United States District Judge

Dated: April 28, 2025