United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 22-10355-NMG |
| Pankaj Merchia, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

The Court is in receipt of defendant's emergency motion to extend all pretrial deadlines and continue the trial date (Docket No. 445). Having carefully reviewed that motion and the government's opposition thereto, the Court will deny the motion.

I. **Requested Discovery Materials**

As is well-established, the government must provide defendant, Pankaj Merchia, with any exculpatory evidence in its possession under Brady and its progeny. When the defendant seeks access to specific materials that the government claims are not covered by Brady, defendant must

> articulate with some specificity what evidence he hopes to find in the requested materials, why he thinks the materials contain this evidence, and finally, why this evidence would be both favorable to him and material.

United States v. Prochilo, 629 F.3d 264, 268-69 (1st Cir. 2011).

Here, Merchia has requested unencrypted hard drives containing data from computers the FBI seized from his residence

and office in 2013.  He has not made a prima facie showing that such materials are subject to mandatory disclosure under Brady/Giglio and, although he describes what he hopes to find in the seized materials, he offers no explanation as to how such evidence would be favorable and material to his defense.  His argument that such materials "replace recollections of the underlying records" is unavailing because the government must disclose exculpatory and material evidence, not materials that are purportedly the best evidence of tangential matters.

The record also is clear that Merchia himself has exacerbated the problem by not returning to the government the encrypted hard drives, a necessary step in unencrypting them for his use.  If and when he does so, the government is directed to produce the unencrypted materials to him promptly for use at trial. See United States v. Denunzio, 123 F. Supp. 3d 135, 147 (D.R.I. 2015).

Merchia's invocation of Fed. R. Crim. P. 16 also lacks merit.  Rule 16 requires the government to produce, upon request from the defendant, documents "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E).  A showing of materiality under that rule necessitates "some indication" that the information sought would enable the defendant to "significantly [] alter the quantum of proof in his favor." United States v. Goris, 876 F.3d 40, 44 (1st Cir.

- 2 -

2017) (citation omitted). Merchia has provided no indication that such material would do so. Goris, 876 F.3d at 40.

## II. Recent Discovery and Expert Witness List

Merchia further contends that a continuance of the trial, previously postponed on numerous occasions, is warranted given that the government has recently produced voluminous additional discovery. The Court is unpersuaded by his argument because, as noted earlier, the additional discovery involved irrelevant material and was produced solely because defendant requested them.

Merchia also claims that he needs time to consult the expert witnesses his standby counsel identified and to retain additional experts. That does not warrant a continuance. As defendant was forewarned, his decision to proceed pro se will not affect the pretrial deadlines or the trial date. His court-appointed counsel has already reviewed and consulted with his experts.

## III. Hearing Transcript

Merchia claims that because the transcript from his Faretta hearing was not available for a week after the recent hearing, he has been prejudiced in preparing his defense. He does not explain why the transcript of the hearing is relevant in preparing for trial other than noting that a great deal was said that was "over his head."

The subject hearing centered on Merchia's waiver of his right to counsel and included a colloquy about discovery disputes. Merchia clearly understands those disputes and their relationship to his necessary trial preparation. Furthermore, the transcript of the hearing has now been made available and his objection to its unavailability is therefore moot. A continuance of the trial is unwarranted.

### IV. E-Filing Access

Lastly, defendant notes that he still lacks electronic filing capability which he describes as "an acute problem." The Court acknowledges that Merchia does not currently have e-filing access and has instructed the Clerk's Office to try to rectify the problem. In the meantime, defendant is authorized to file items on the docket by emailing them to the deputy clerk, as he has been doing successfully for the past week. Such a minor inconvenience does not merit disrupting predetermined deadlines and will not do so.

**ORDER**

For the foregoing reasons, defendant's motion to extend all pretrial deadlines and to continue the trial date (Docket No. 445) is **DENIED**. All pretrial deadlines remain in effect and the jury trial will commence as planned on Monday, November 10, 2025, at 9:00 a.m.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 24, 2025