**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 22-cr-10355-NMG** |
| | ) | |
| | ) | |
| **PANKAJ MERCHIA** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' NOTICE ON DEFNESE WITNESSES**

The Court ordered the parties to produce witness lists prior to trial. At the onset of trial, the Court instructed the defendant PANKAJ MERCHIA that he needed to provide a list of witnesses to determine if the jury pool knew any potential witnesses. At that time, MERCHIA sent a list of 17 witnesses. Twice last week, the Court ordered MERCHIA to provide a list of witnesses with brief descriptions of their relevance. MERCHIA sent a list of 57 witnesses early morning on Tuesday, January 19, 2026. MERCHIA updated that list two hours later to include 68 witnesses.

After trial on Tuesday, the Court asked the government to provide its position on each of the witnesses. To the extent it was able to identify these witnesses, the government does so below.

a. <u>Psychiatrists: Alison Potter, Lois Slovik, Gordon Harper, David Herzog, Summerdatt Verma, and Asha Parekh</u>

Alison Potter appears to be a psychiatrist in Berkeley, California, who used to practice in Cambridge, Massachusetts. Lois Slovik, David Herzog, Asha Parekh, and Gordon Harper appear

1

to be psychiatrists in Boston. The government identified a physician named Sumer Datt Verma, who was a psychiatrist.[1]

These witnesses are marginally relevant. The government believes that MERCHIA intends to call these witnesses as proof that he and Pendse had a bad relationship and could not have been co-conspirators. First, it is not clear whether these doctors had firsthand knowledge of MERCHIA and Pendse during the years of the alleged conspiracy, 2008-2020. Moreover, psychiatrists are not needed to testify to this, as the jury has heard from multiple witnesses who testified to what they observed of his and Pendse's relationship, and MERCHIA intends to call his father who could testify to the same.

b. <u>Various Doctors: Jeff Flier, Jeff Drazen, Lawrence Epstein, Andrew Wellman, John Winkelman, David White, Madhav Goyal, Atul Malhotra, Sanjay Patel</u>

Jeffrey Flier appears to be the former dean of the Harvard Medical School, and Jeffrey Drazen is a professor at Harvard Medical School. Lawrence Epstein, Andrew Wellman, David White, and John Winkelman are sleep doctors who also teach at Harvard Medical School. Madhav Goyal is a professor of medicine at Stanford. Atul Malhotra is a sleep doctor in San Diego who previously practiced in Boston. There are multiple doctors named Sanjay Patel – one is a sleep doctor in Pittsburgh who appears to have attended Harvard Medical School around the same time as MERCHIA. It is unclear what firsthand knowledge these doctors have of relevant facts in this case or why their testimony is needed.  <u>See</u> Fed.R.Evid. 602.

Dr. T. Scott Johnson was on the board of directors of MD Pad, a technology business run by MERCHIA in the late 1990s and early 2000s. It is unclear whether he has any personal knowledge of the 2008 sale or later events.

---

[1] If this is the same witness, some online records suggest that Dr. Verma passed away in 2021.

c.  <u>Witnesses related to Jennifer Malara: Samer Makhoul, Glenn Giessel, Pamela Kincheloe</u>

Jennifer Malara testified that she had difficulty obtaining records from MERCHIA when she went to a second sleep doctor in Pennsylvania. It appears that Samer Makhoul was that second doctor. She was also asked on cross examination about the findings of the Virginia Board of Medicine. Glenn Giessel was a doctor who wrote a report during the Virginia Board of Medicine inquiry. Pamela Kincheloe was an investigator at the Virginia Board of Medicine.

The testimony of these witnesses is not relevant to the case. To the extent they are relevant, it is to impeach Jennifer Malara. "It is well established that a party may not present extrinsic evidence to impeach a witness by contradiction on a collateral matter." *United States v. Beauchamp*, 986 F.2d 1, 3 (1st Cir. 1993); *see also United States v. Catalan-Roman*, 585 F.3d 453, 468 (1st Cir. 2009). Evidence is collateral if "the matter itself is not relevant to the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony of the witness." *Beauchamp*, 986 F.2d at 4. Here, calling two doctors to challenge Malara's testimony as to whether Makhoul had received records or what the Virginia Board of Medicine found is collateral.

d.  <u>Lesley Wagner, Joni Lett, Nicholas Williams, and Richard Clark</u>

Lesley Wagner was a professional coder who wrote MERCHIA a letter in 2015 related to his billing practices. Joni Lett was another coder who did similar audits. Nicholas Williams was an attorney who represented MERCHIA during this time. Richard Clark was a former patient of MERCHIA's whose billing appeared to be at issue.

The coding issues examined by Wagner and Lett had to do with whether MERCHIA could bill for five codes (including pulmonary service and psychiatric service codes) during a single visit – this is not relevant to the charges in this case, which pertains to different billing

codes related to CPAP and BiPAP machines. They also did not opine on whether he could bill for medical equipment after having not seen patients in years. To the extent MERCHIA wishes to argue that these letters affected his intent, he can do so without Wagner, Lett, Williams, or Clark's testimony.

e.  Anjali Patwardhan

Patwardhan is a physician who first diagnosed Vikas Merchia with sleep apnea. That fact is not relevant to this case – regardless of whether Vikas Merchia had sleep apnea, the defendant was not permitted to bill Harvard Pilgrim for providing a CPAP machine to his brother.

f.  Manish Bhandari

There appear to be multiple individuals with this name. One is an oncologist who also studied at Harvard Medical School and appears to live in Ohio or Indiana. It is unclear how he had personal knowledge of facts relevant to this case.

g.  MERCHIA's family members

The government does not oppose MERCHIA calling his father, Jagjiwan Merchia, as a witness. The government also does not oppose MERCHIA calling his brother Vikas Merchia. The government would also not oppose calling Pendse's father, Anil Pendse, although this testimony may be cumulative once MERCHIA's father and brother testify.  See Fed.R.Evid. 403.

MERCHIA also proposes calling Shona Pendse as a witness. The government notes that she is represented by counsel and awaiting trial and has a Fifth Amendment right against self-incrimination.

h.  Gaurov Dayal

Dayal worked for MERCHIA in 1999 at MD Pad, a technology company which MERCHIA ran in the late 1990s and early 2000s. He is currently on the board of directors of

Point32 Health, the successor corporation to Harvard Pilgrim Health Care. The government interviewed Dayal and does not believe he has any personal knowledge of the purported 2008 sale nor the events after, except for a brief meeting with MERCHIA in Virginia around 2008 at which MERCHIA told Dayal he was opening a new sleep apnea practice.

   i. Merchia's former attorneys: Kevin Jaros, JohnPaul Callan, Colin Zick, John Zwerling. Geremy Kamens, Jennifer Clark, Regina Healy

Jaros and Callan are attorneys who previously represented MERCHIA. Colin Zick is an attorney in Boston, whose practice focuses on healthcare compliance practice – it is unclear whether he ever advised MERCHIA. The government requests that the Court ask MERCHIA to explain whether he intends to raise a reliance of counsel defense, and if so, how he relied on counsel as it relates to the charged offenses. This will help determine whether the testimony of Jaros, Callan, and Zick are relevant to a central issue in the case or only to a collateral matter.

John Zwerling was a criminal defense lawyer in Virginia – he presumably represented MERCHIA during the earlier FBI investigation. It appears that he passed away in 2022. Geremy Kamens appears to be the First Assistant Federal Public Defender in the Eastern District of Virginia. Any personal knowledge he may have of the earlier investigation is not relevant to the healthcare fraud and money laundering charges here, which stem from MERCHIA's conduct in 2017 to 2019.

Jennifer Clark and Regina Healy appear to be family law attorneys in Massachusetts. If they were the attorneys relevant to his earlier custody dispute with Pendse, then their testimony should be excluded as evidence of this is of marginal relevance as well as potentially unfairly prejudicial (to him).

j.  Additional IRS witnesses: Michael D'Anello and Jeff Knight

Michael D'Anello and Jeffrey Knight are attorneys at the IRS. D'Anello represented the IRS in a US Tax Court case involving Shona Pendse. As he has done with the letters written to him by Deborah Aloof, MERCHIA will likely argue that documents written by D'Anello mean that the IRS accepted the fact of the sale. As with Aloof, the documents from this Tax Court case did not accept the sale: the settlement and decision concerned a separate issue, D'Anello wrote an internal memo stating that he did not believe the sale actually occurred, and D'Anello declined to add Pendse's proposed language about the sale in the stipulation document.

Testimony about Pendse's Tax Court case should be excluded for multiple reasons. First, all D'Anello's communications were with Pendse. Second, the Court already ruled that this Tax Court decision did not have a preclusive effect in deciding that MERCHIA did not owe tax due. To the extent that MERCHIA intends to argue that he himself believed this case meant that the IRS had accepted the validity of the sale, he is still able to do that without D'Anello or Knight testifying – indeed, these attorneys would not be able to testify as to their conclusions about MERCHIA's state of mind.

k.  Witnesses who already testified

Deborah Aloof, Colleen Ranahan, and Brian Robinson already testified in this case. Ranahan is sitting in a multi-week trial in Greenbelt, Maryland, so that she can serve as a summary witness in that case – that trial does not sit on Fridays, which is why she was available to testify here. MERCHIA availed himself of the opportunity to cross examine each of these witnesses at length and had notice that they would be called by the government since at least October of last year.

l.   Judges: David Gustafson, Patti B. Saris, and Diane Rubin

Judge David Gustafson serves on the US Tax Court and Judge Patti B. Saris is a United

States District Court Judge in this district. Though not clearly identified, "Diane Rubin" may

refer to Judge Diane Rubin of the Massachusetts Land Court.

These judges could only testify as to their personal knowledge of MERCHIA's cases

before them. To the extent that their rulings have any relevance to the case, the Court can

interpret and explain the law. And to the extent that MERCHIA wishes to argue about the effect

of these opinions on his own intent, he can – and must – do so without these judges' testimony.

Therefore, their testimony is not needed.

m.  Witnesses who can be identified but whose relevance is unclear: Kem Tolliver, Mark
Gibbs, Don Lee

The government identified multiple witnesses whose relevance is unclear. Kem Tolliver

is a Certified Professional Coder. To the extent she is to testify about billing practices, this would

be unnecessary expert testimony.

Mark Gibbs appears to be a nurse who previously worked at SleepHeart. The government

also believes that Don Lee worked at SleepHeart. It is unclear what they would testify to, and

whether they have any personal knowledge of the purported 2008 sale or the 2017-2019 billing

at issue in this case.

n.   Other witnesses who could not be identified

MERCHIA's list contains multiple individuals who the government could not identify

and does not understand the relevance of. The government notes that the Court instructed

MERCHIA twice last week to provide a list of witnesses along with brief descriptions as to their

relevance. To determine whether these witnesses would testify as to anything relevant and

admissible, the government asks the Court to instruct MERCHIA to provide a brief explanation

of who these witnesses are and what they are expected to say.

These witnesses include:
- Sam Sheldon
- James Tavenner
- Wayne Reynolds
- Dr. Sam Wu
- John Patterson
- Patty Pankovich
- Paula Hurtella
- Dr. Richard Shea
- Sherman Mike Taylor
- Jinhee Park
- Sammar Bhatt
- Divya Hemrajani
- Jaideep Thakkar
- Randi Shear
- Tom Pyzik
- Joe Kain
- Scott Russell
- Ahamed Ali at McMaster-Carr
- Lynda Rothschild
- Katherine Boyd

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    /s/ *Ezra Spiro*
Neil J. Gallagher, Jr.
Assistant U.S. Attorney
Ezra K. Spiro
Trial Attorney

Date Submitted: January 21, 2026

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Ezra Spiro.
Ezra Spiro