United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, )<br><br>v. )<br><br>Pankaj Merchia, )<br><br>Defendant. ) | Criminal Action No.<br>22-10355-NMG |

MEMORANDUM & ORDER

GORTON, J.

The Court has reviewed defendant's Motion for Bail Pending Appeal (Docket No. 784) and the government's opposition thereto (Docket No. 786). For the reasons that follow, the motion will be denied.

As relevant here, to be entitled to bail pending appeal, Merchia must demonstrate that (1) his appeal raises a substantial question of law or fact and (2) a favorable decision on that question is likely to result in reversal or an order for a new trial. United States v. Bayko, 774 F.2d 516, 522 (1st Cir. 1985). A substantial question is one that is "close" such that it "very well could be decided the other way." Id. at 523.

Merchia contends that his appeal meets the substantial question requirement because the First Circuit Court of Appeals has not squarely addressed the issue of implied waiver of counsel. The Court is unpersuaded.

- 1 -

In the First Circuit, an issue is not substantial merely because there is no controlling precedent on the matter. Id. Moreover, although not entirely analogous to this case, the First Circuit Court of Appeals has held that the district court "need not tolerate unwarranted delays" and that a defendant's "refusal without good cause to proceed with able appointed counsel is a voluntary waiver." Maynard v. Meachum, 545 F.2d 273, 278 (1st Cir. 1976) (affirming when defendant did not affirmatively choose to represent himself but, after being given a clear choice between proceeding with counsel already appointed or going pro se, elected the latter).

Even if the question of implied waiver were novel in this circuit, that would not necessarily render the question substantial. See Bayko, 774 F.2d at 522-23. Moreover, as noted in case law proffered by defendant, a question of first impression is not substantial if it is "easily resolved from other circuits' case law." United States v. Jackson, 876 F. Supp. 1221, 1223 (D. Kan. 1994). The majority of Federal Circuit Courts of Appeals has found that a defendant may waive the right to counsel through conduct in circumstances similar to those in the present case. See, e.g., United States v. Thomas, 357 F.3d 357, 362 (3rd Cir. 2004); United States v. Fields, 483 F.3d 313, 350 (5th Cir. 2007); United States v. Pittman, 816 F.3d 419, 425 (6th Cir. 2016); United States v. Thomas, 833 F.3d

- 2 -

785, 792 (7th Cir. 2016); United States v. Taylor, 652 F.3d 905, 909 (8th Cir. 2011); United States v. Vigil, 605 Fed. App'x 757, 761 (10th Cir. 2015); United States v. Turner, 364 Fed. App'x 569, 571 (11th Cir. 2010). As such, the Court concludes that defendant has not established that a "substantial question" will be raised in his appeal.

Finally, the Court is aware that defendant did not receive his Bureau of Prisons designation until the morning of July 16, 2026. Under these circumstances, the Court will allow a modest postponement of his self-surrender date. Defendant is directed to self-surrender at Federal Corrective Institute Allenwood Low by 2:00 P.M. on Monday, July 20, 2026.

### ORDER

For the reasons stated above, defendant's motion (Docket No. 784) is DENIED.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated:  July 16 , 2026

- 3 -